KENNARD, J., Concurring and Dissenting.
A jury convicted defendant Gabriel Castaneda of first degree murder for killing a female employee who *1357 was working alone at a small medical clinic that had not yet opened for the day. The jury also made special circumstance findings that the killing occurred during the commission of sodomy, kidnapping, burglary, and robbery, and it returned a verdict of death.
Based on instructional error, the majority reverses the kidnapping conviction and vacates the kidnapping special-circumstance finding. Nevertheless, the majority points out, the judgment can be affirmed in its entirety because three special circumstance findings remain and because the facts underlying the kidnapping special circumstance were otherwise admissible at the penalty phase. (Maj. opn., ante, at p. 1354.) I agree.
Unlike the majority, however, I conclude that the trial court erred in failing to instruct the jury on theft as a lesser offense necessarily included in the offense of robbery. I further conclude that the error did not prejudice defendant. Accordingly, I concur fully in the judgment.
I
When the victim’s body was found in the clinic, which defendant had visited previously while the victim was working there, missing were her watch, ring, purse, and wallet. The taking of those items led to the robbery charge and the special circumstance allegation that the murder was committed during a robbery.
The evidence raised a question whether defendant formed his intent to steal before he completed his acts of force and intimidation—which included binding the victim, sodomizing her, and killing her by stabbing her with a screwdriver—or after he completed those acts. In the latter situation, defendant could be guilty only of theft, a lesser offense necessarily included within the crime of robbery. (People v. DePriest (2007) 42 Cal.4th 1, 50 [63 Cal.Rptr.3d 896, 163 P.3d 896] (DePriest).) Defendant did not request an instruction on the lesser offense of theft, and the trial court gave no such instruction. The court should have done so.
The majority correctly explains the legal principles that apply here: “ ‘ “Theft is a lesser included offense of robbery, which includes the additional element of force or fear.” [Citation.] If intent to steal arose only after the victim was assaulted, the robbery element of stealing by force or fear is absent. [Citations.]’ (People v. Bradford (1997) 14 Cal.4th 1005, 1055-1056 *1358 [60 Cal.Rptr.2d 225, 929 P.2d 544]; see [People v. ]Yeoman [(2003)] 31 Cal.4th [93,] 128-129 [2 Cal.Rptr.3d 186, 72 P.3d 1166] [to constitute robbery, intent to steal must be formed before or during the application of force].) ‘Nevertheless, “the existence of ‘any evidence, no matter how weak’ will not justify instructions on a lesser included offense . . . .” [Citation.]’ (DePriest, supra, 42 Cal.4th at p. 50.) ‘Instructions on after-acquired intent and theft as a lesser included offense of robbery are unwarranted absent “substantial evidence” that the defendant first formed the intent to take the victim’s property after applying force. [Citation.]’ (People v. Zamudio (2008) 43 Cal.4th 327, 360 [75 Cal.Rptr.3d 289, 181 P.3d 105].)” (Maj. opn., ante, at p. 1331.)
I disagree, however, with the majority’s conclusion that here “there is no substantial evidence that defendant formed the intent to steal only after he ceased applying force to the victim,” and therefore that “the trial court was not required to give an instruction concerning grand theft.” (Maj. opn., ante, at pp. 1332-1333.)
Substantial evidence of after-formed intent to steal need not be- testimony of the defendant (as it was in People v. Turner (1990) 50 Cal.3d 668, 690 [268 Cal.Rptr. 706, 789 P.2d 887]), or similar direct evidence. As shown by our decision in People v. Ledesma (2006) 39 Cal.4th 641, 715 [47 Cal.Rptr.3d 326, 140 P.3d 657], the substantial evidence needed to warrant a jury instruction on theft can be evidence of some motive for attacking the victim that is unrelated to robbery, thus supporting an inference that the intent to steal arose after the attack was completed.
Here, the evidence shows that sodomy—a preferred sexual practice of defendant’s—was a motive for defendant’s use of force on the victim. (Maj. opn., ante, at pp. 1308, 1323.) This evidence supports the inference that stealing the victim’s ring, watch, wallet, and other property was an afterthought that arose when the assault on the victim was complete. Adding strength to this inference is evidence suggesting defendant’s lack of interest in the property taken. He never used the victim’s credit cards, and as for her ring and watch, he showed them to his cousin, said he was going to throw them away, and then, at the cousin’s request, gave them to her instead. (Id. at pp. 1324, 1331.)
In concluding that defendant formed an intent to steal before (or during) his use of force on the victim, the majority points to physical evidence, such as the victim’s book lying on the floor in the office where the victim kept her *1359 purse, suggesting that she and defendant struggled there, and the visibility of the victim’s ring and watch while defendant was sodomizing her. (Maj. opn., ante, at p. 1324.) That defendant and the victim struggled in the office where the victim kept her purse proves nothing regarding defendant’s motive, and it is speculative to infer that because the victim’s ring and watch were visible to defendant as he sodomized her, it was during the assault that he formed the intent to steal. The majority also infers defendant’s preexisting intent to steal from his presumed need for money due to his drug addiction. (Ibid.) Again, the majority’s reasoning is mere speculation. As I noted earlier, defendant did not use the victim’s credit cards, and he gave away the victim’s ring and watch.
The weak evidence of a preexisting intent to steal distinguishes this case from People v. Gray (2005) 37 Cal.4th 168 [33 Cal.Rptr.3d 451, 118 P.3d 496], on which the majority relies. (See maj. opn., ante, at pp. 1332-1333.) Gray involved a sexual assault, robbery, and murder in the victim’s mobile-home. (Gray, supra, at pp. 180-181.) Two days earlier, the defendant in Gray had burglarized five other mobilehomes solely for the purpose of stealing. (Id. at pp. 178-179.) That prior history strongly implied that when the defendant broke into the victim’s home he likewise had an intent to steal. In contrast, here the evidence of a preexisting intent to steal is quite weak.
In summary, evidence that defendant here had a motive for the assault other than stealing, combined with evidence that defendant lacked interest in the property taken, constitutes “substantial evidence” that his intent to steal arose after the assault, thus requiring the trial court, on its own initiative, to instruct the jury regarding theft as a lesser offense necessarily included within the crime of robbery. (People v. Zamudio, supra, 43 Cal.4th at p. 360.) In not doing so, the trial court erred. I now turn to the question of prejudice.
H
A trial court’s failure to instruct the jury on a lesser offense that is necessarily included in the greater offense charged is harmless if “ ‘the factual question posed by the omitted instruction was necessarily resolved adversely to the defendant under other, properly given instructions.’ ” (People v. Turner, supra, 50 Cal.3d at p. 690.) Here, the trial court gave the jury a standard instruction on the special circumstance of murder during the commission of robbery, with language requiring the jury to find that the murder was committed “in order to carry out or advance” the robbery. The jury found that special circumstance allegation to be true, thereby necessarily concluding that defendant acted with an independent intent to rob the victim. Hence, the jury resolved adversely to defendant the factual question posed by *1360 the omitted instruction on theft as a lesser included offense of robbery, and the trial court’s error in omitting the latter instruction was harmless. (See People v. Sakarias (2000) 22 Cal.4th 596, 621 [94 Cal.Rptr.2d 17, 995 P.2d 152].)
Accordingly, I concur in the majority’s affirmance of the judgment.
Appellant’s petition for a rehearing was denied August 17, 2011, and the opinion was modified to read as printed above.